■ In the Matter of the Probate of the Will of NORA H. MALLORY, Deceased. RUTH W. WALTON, Respondent; LANGDON W. WALRATH et al., Appellants.— REYNOLDS, J. Appeal by the contestants from a decree of the Surrogate's Court, Columbia County, holding, as a matter of law, that the will involved was entitled to probate. Contestants, a niece and nephew of the decedent, objected to the probate of the will on the grounds that it was not duly executed in accordance with section 21 of the Decedent Estate Law, that it was procured by fraud, duress or undue influence and that decedent was not of sound mind and memory when she made the will. At the end of the contestants' case the Trial Judge, relying on Matter of Walther (6 N Y 2d 49), granted respondent's motion for summary judgment on the ground that no evidence had been presented which required the submission of any question of fact to the jury. Contestants, having conceded at the trial that there was no proof that the will was not properly executed, assert here that a question of fact was raised because of the existence of a prior will which was at variance with the will here involved and because the will was executed within several months after decedent had suffered a cerebral thrombosis which resulted in some brain damage. We must affirm. The uncontradicted and overwhelming proof present in the record reveals not only that the decedent at the time she executed the will was rational and sound of mind, that her memory was sharp and clear and that she was not the victim of fraud, duress or undue influence by the respondent or anyone else but even indicates that she was the type of strong-willed person who was not readily susceptible to fraud, duress or undue influence. The factors raised by the contestants clearly did not on the instant record require submission of the case to the jury (Matter of Walther, 6 N Y 2d 49, 56, supra; cf. Tyler v. Gardiner, 35 N. Y. 559; Matter of Brush, 1 A D 2d 625). Decree affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.